**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cassandra Bertha Terrazas, | No. CV-22-00468-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Cassandra Bertha Terrazas ("Plaintiff") has filed a Motion for Attorney Fees under Section 406(b) of the Social Security Act ("SSA") (Doc. 17) and Memorandum in Support thereof (Doc. 18). 42 U.S.C. § 406(b). Plaintiff seeks a $4,511.25 award. The Social Security Administration Commissioner (the "Commissioner") filed a response (Doc.31) indicating no objection to the award sought. For the following reasons, the Court grants Plaintiff's Motion.

## I.    Background

Plaintiff was denied continuing Supplemental Security Income ("SSI") benefits effective July 2018. (Doc. 18 at 2). On March 24, 2022, Plaintiff filed a Complaint for judicial review of that determination. (Doc. 1). The parties then agreed to a stipulated remand and this Court entered its decision on July 1, 2022, reversing the decision of the Administrative Law Judge and remanding the case for further proceedings. (Doc. 13). Plaintiff's counsel was awarded attorney fees under the Equal Justice Act, 28 U.S.C. § 2412(d)(1)(A) in the amount of $1,388.94. (Doc. 16) On September 12, 2023, after

determining that Plaintiff's condition was still ongoing, an Administrative Law Judge subsequently issued a favorable decision for Plaintiff.  (Doc. 18 at 2).  The SSA directed that $11,711.25 should be withheld from Plaintiff's past-due benefits for potential attorney fees.  (*Id.*)  However, counsel that represented Plaintiff in the agency proceedings had already petitioned for a fee in the amount of $7,200.00.  (*Id.*)

## II.    Legal Standard

Section 406[1] establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002).  "The statute deals with the administrative and judicial review stages discretely: [Section] 406(a) governs fees for representation in administrative proceedings; [Section] 406(b) controls fees for representation in court."  *Id.* at 794.  Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).  Fees are payable out of, and not in addition to, the amount of the past-due benefits.  *Id.*

Before awarding fees, the Court must consider whether the 42 U.S.C. § 406(b) fee requested is (1) within the statutory guidelines; (2) consistent with the fee agreement; and (3) reasonable in light of the contingent-fee agreement.  *Gisbrecht*, 535 U.S. at 807–08. Additionally, courts will require plaintiff's counsel to refund to the plaintiff the lesser of the fees awarded under 42 U.S.C.  § 406(b) and the EAJA.  *See Parrish v. Astrue*, 2008 WL 961611, at *2 n.3 (D. Ariz. Apr. 8, 2008) ("When EAJA fees are paid and there is also an award of attorney fees under 406(b), a plaintiff's attorney must refund to the claimant the amount of the smaller fee. There is thus a dollar-for-dollar offset of any 406(b) fee by an EAJA award.") (internal quotation and citation omitted); *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215 (9th Cir. 2012) ("Where the same attorney

---

[1] Unless where otherwise noted, all Section references are to the Social Security Act.

represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award.").

### III.    Discussion

Plaintiff seeks a total fee award of $4,511.25. The Court has reviewed the "Attorney Itemization of Services" attached to Plaintiff's memoranda in support of her motions (Doc. 18-4) and finds that the time expended, and amounts charged are reasonable for this case.

First, Plaintiff's request for fees does not exceed twenty-five percent of her total past-due benefits obtained. Plaintiff's contingency fee agreement recites as such. (Doc. 18-3). Plaintiff was awarded total retroactive benefits of $46,845.00 and $11,711.25, or twenty-five percent of that benefit award, was withheld for attorney fees.[2] Therefore, the Court finds that Plaintiff's request for a $4,511.25 complies with Section 406(b)'s statutory guidelines. Second, the fee agreement between Plaintiff and her counsel provided that Plaintiff's counsel shall receive twenty-five percent of the past-due benefits awarded to Plaintiff as a result of counsel's representation. (Doc. 18-3). Thus, Plaintiff's request is consistent with the fee agreement, which mirrors the requirements of Section 406(b). *See* 42 U.S.C. § 406(b)(1)(A).

Last, Plaintiff's total fee request is reasonable in light of the contingent-fee agreement. Plaintiff submitted an itemization of services that represents she spent a total of 6.0 hours pursuing this matter. (Doc. 18-4). Thus, if Plaintiff's counsel was to receive the full twenty-five percent of past-due benefits as provided in the fee agreement, she would receive a fee equivalent to $751.25 per hour for the 6.0 hours of related work she provided.[3] Having considered the reasonableness factors set forth in *Gisbrecht*, the Court concludes that this amount is a reasonable rate. 535 U.S. at 808; *see also Parrish v. Astrue*, 2008 WL 961611, at *4 (D. Ariz. Apr. 8, 2008) ("This Court finds counsel's

---

[2] Twenty-five percent of 46,845.00 is $11,711.25. Plaintiff's counsel has already petitioned for $7,200.00 of that for court-related services. The amount remaining is now $4,511.25 based on the contingency fee agreement between Plaintiff and her counsel.

[3] This number was calculated by dividing the remaining $4,511.25 by 6.0 hours to get the $751.25 figure.

requested attorney's fees in the total amount of $37,254.30 for 34.5 hours of work, which calculates to an overall effective rate of $1079.83 per hour, are reasonable in light of the legal standards set forth in *Gisbrecht* and the facts of this case.").    The Court will therefore award $4,511.25 in attorney's fees under Section 406(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Cassandra Bertha Terrazas's Motion for an Award of Attorney Fees" (Doc. 17) is granted under 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that Plaintiff's Counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the lesser of the fee awarded under 42 U.S.C. § 406(b) and any fees awarded under the Equal Access to Justice Act.

Dated this 21st day of October, 2024.

Honorable Diane J. Humetewa
United States District Judge